UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAWNI SHANNON HARBAUGH,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>      Defendant. | Case No. 2:21-cv-02242-NJK<br><br>**ORDER**<br><br>[Docket Nos. 14, 15] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 14. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 15, 16. Plaintiff filed a reply. Docket No. 18. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 3.

**I.   STANDARDS**

    A.    Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). The disability determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

      B.    Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

**II.    BACKGROUND**

      A.  Procedural History

On December 26, 2018, Plaintiff filed an application for disability insurance benefits and supplemental security income with an onset date of December 1, 2017. *See, e.g.,* Administrative Record ("A.R.") 333-340. On July 11, 2019, Plaintiff's claims were initially denied. A.R. 195-

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

2

220. On May 7, 2020, Plaintiff's claims were denied on reconsideration. A.R. 221-254. On May 21, 2020, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 273-74. On November 9, 2020, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover. *See* A.R. 41-64. On December 16, 2020, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 22-35. On October 21, 2021, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On December 23, 2021, Plaintiff commenced this action for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920 A.R. 23-35. At step one, the ALJ found that Plaintiff met the insured status requirements through June 30, 2021, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity; spine disorders; dysfunction of major joints; and asthma. A.R. 25-29. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 29. The ALJ found that Plaintiff has the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant can lift 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk for two hours and sit for six hours. The claimant can never crawl or climb ladders, ropes or scaffolds. She can balance, stoop, kneel, crouch, and climb ramps and stairs occasionally. The claimant can reach overhead with the left upper extremity frequently. She must avoid concentrated exposure to extreme cold, hazards, such as dangerous moving machinery and unprotected heights, and pulmonary irritants.

A.R. 29. *See also* A.R. 29-34. At step four, the ALJ found Plaintiff is capable of performing past relevant work as a customer complaint clerk and a dispatcher, motor vehicles, which did not require the performance of work-related activities precluded by Plaintiff's residual functional

capacity. A.R. 34-35. Based on these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 35.

### III. ANALYSIS

Plaintiff raises a single issue on appeal: that the ALJ erred by not addressing Plaintiff's later onset of hand tremors. Docket No. 14 at 6-7. Plaintiff submits that the ALJ did not facially consider the record, which showed an onset of medically determinable tremors in her left hand in September 2020. *Id.* at 6. Plaintiff submits that her onset of tremors was a material change that should have been considered as it established a deteriorating condition. *Id.* at 6-7. Plaintiff submits that the ALJ had an obligation to make findings about whether the tremors rose to a severe level and whether they were expected to last for 12 months, and that failure to do so was error. *Id.* at 7. Plaintiff asks the Court to reverse and remand for further administrative proceedings. *Id.*

In response, the Commissioner submits that Plaintiff did not allege that hand tremors impacted her ability to work at any point throughout the prior administrative proceedings, that she failed to mention them in her application, at the hearing, or in any post-hearing briefing, and that no treatment notes support an objective finding that tremors severely impacted her ability to work. Docket No. 15 at 6-11. The Commissioner also submits that Plaintiff fails to show that the tremors caused any functional limitations that should have been accommodated in the residual functional capacity and fails to point to objective medical evidence supporting a finding that the ALJ erred. *Id.* at 11-13. The Commissioner asks the Court to uphold the Commissioner's finding and to deny Plaintiff's request. *Id.* at 13.

In reply, Plaintiff submits that the medical evidence available to the ALJ properly established that tremor had been diagnosed and, accordingly, the ALJ was required to discuss the condition. Docket No. 18 at 3-4. Plaintiff further submits that it is inconsequential that she did not raise the issue during the prior administrative appeal. *Id.* at 4-6. Plaintiff asks the Court to reverse and remand. *Id.* at 6.

The ALJ must discuss all medically determinable impairments. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). *See also Hutton v. Astrue*, 491 Fed.Appx. 850, 850 (9th Cir. 2012). To establish a medically determinable impairment, Plaintiff must submit objective medical

evidence from an acceptable medical source. 20 C.F.R. §§ 404.1521, 416.921. The impairment must "result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* A claimant's own statements of symptoms are insufficient to establish the existence of an impairment. *Id.* An impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities, including physical functions; the capacity to see, hear, or speak; the ability to understand, carry out, or remember simple instructions; using judgment; responding appropriately to work situations; and dealing with work routine changes. 20 C.F.R. §§ 404.1522, 416.922. For an impairment to be medically determinable, it must also exist or be expected to exist for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909.

An ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Further, an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). However, an ALJ "is not required to discuss evidence that is neither significant nor probative. . ." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006 (9th Cir. 2003). A social security claimant bears the burden of establishing that an ALJ's error prejudiced the outcome of her decision. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

If the Court determines that the ALJ erred, it must then conduct a harmless error analysis. *See, e.g.*, *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is harmless in this context when the reviewing court can "confidently conclude" that the error was "inconsequential to the ultimate nondisability determination." *Id.* The application of the harmless error analysis is "fact-intensive," and the court affords the decision no presumptions, but instead "analyze[s] harmlessness in light of the circumstances of the case." *Id.* at 1172 (citing *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)).

Here, the ALJ did not discuss tremors during her step two analysis. A.R. 25-29. The Court is skeptical as to whether Plaintiff's tremors could be classified as a medically determinable impairment. Few indications of tremors exist in the entire record at all and only a single

5

observation of a tremor in September 2020. *See, e.g.*, A.R. 83, 89, 92, 94, 97, 98, 130, 132, 134, 168, 172, 174, 727, 733, 736, 746, 748, 770. Plaintiff was referred to a neurologist for the tremors at her request. A.R. 751. At the neurology consultation, no tremor was observed, though the treatment notes indicate that a tremor exists. A.R. 97.[2] The same treatment notes indicate that no medication is needed for tremors. A.R. 98. A follow up MRI was conducted, which showed temporary tightness in Plaintiff's cervical spine and indicates that the tremors could be a side effect of the cervical spine tightening. A.R. 92. The results further indicate that the condition was temporary, and that physical therapy was recommended so that any related symptoms caused by the tightness would not worsen. *Id.*

Given the temporary nature of the condition, the sparse references to tremor throughout the record, and no discussion even in Plaintiff's subjective reports of the condition, *see* A.R. 97, of how the tremor impacts her ability to work, the Court is not convinced that the ALJ erred in not discussing Plaintiff's left hand tremor as it is unclear as to whether it was fully diagnosed or met the durational requirement for a medically determinable impairment.

Regardless of whether the ALJ erred in not discussing the tremor during her step two analysis, the Court finds that any such error was harmless. Even if the ALJ had more fully discussed the left-hand tremor, a lack of medical records exists to support a subjective report that the tremors are disabling. Plaintiff's medical records contain scant references to tremors, with all documentation of any tremor beginning in September 2020. Medical notes from a week before the tremor was observed did not indicate any neurological physical deficits. A.R. 809, 811. Moreover, the treatment notes indicate that a tremor was only observed one time over the few months of treatment. A.R. 748. Plaintiff had a neurological consult related to the tremor, but she requested the referral and it stemmed from her concerns about potentially developing multiple sclerosis, which other family members had in the past. A.R. 97, 751.[3] The records from the referral

---

[2] The same notes indicate that the consultation was attempting to determine whether the tremor was a positional tremor or an essential tremor. A.R. 97. It is unclear whether a firm diagnosis of tremor had been made at the time of this consultation.

[3] The Court notes that Plaintiff did tell the neurologist that she had been experiencing tremor for over a year at the time of the consult. A.R. 97. This is in contradiction to the

6

specifically indicate that no tremor was observed. A.R. 97. A post-consultation MRI indicates that the condition was temporary and does not indicate any work-related functional limitations that might be required. A.R. 92. Moreover, the small number of records that refer to the tremor state that no medication or treatment was necessary for the condition. *See* A.R. 98.

Plaintiff never discussed tremors during her pre-hearing submissions, at her hearing before the administrative law judge, or throughout the pendency of her Appeals Council review of the ALJ's determination. *See* A.R. 41-64, 264-265, 333-340, 432-435. She also did not submit further medical records indicating that the condition had worsened, or that it impacted her functional limitations as set forth in the ALJ's determination. No other evidence contained in the record indicated a manipulative or functional limitation would be required because of the tremor.

Considering the totality of the evidence before the Court, the Court concludes that the ALJ did not err in discussing Plaintiff's left-hand tremor. Further, the Court finds that any error that may have existed was harmless because a significant amount of evidence indicates that any such tremor would not be consequential to the ultimate disability determination as the condition did not require any further limitations than those set forth in the residual functional capacity determined by the ALJ. *Cf. Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Accordingly, Plaintiff is not entitled to remand on this issue.

### III.   CONCLUSION

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 14) and **GRANTS** the countermotion to affirm (Docket No. 15). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: June 17, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

longitudinal record, which only shows a tremor being observed a single time, at a healthcare visit in September 2020. *See* A.R. 97, 168, 174, 634, 748, 760, 809, 811.